UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
05 AUG 19 AM 10:58
COURT

UNITED STATES OF AMERICA,

Plaintiff,

v.

KIZSHAD RAILANDO HENDERSON,

Defendant.

CRIMINAL NO. 00-239 (ADM)

**ORDER SETTING**
**CONDITIONS OF RELEASE**

IT IS ORDERED that the release of the Defendant is subject to the following conditions:

(1) The Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The Defendant shall immediately advise the Court, defense counsel and the U. S. Attorney in writing of any change in address and telephone number.

(3) The Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**RELEASE ON UNSECURED BOND**

**IT IS FURTHER ORDERED that the Defendant be released provided that:**

( ) (4) The Defendant executes an unsecured bond binding the Defendant to pay the United States the sum of $25,000 in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

SCANNED
AUG 19 2005
U.S. DISTRICT COURT ST. PAUL

AUG 19 2005
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the Defendant and the safety of other persons and the community, **IT IS FURTHER ORDERED** that the release of the Defendant is subject to the conditions marked below:

( ) (5) The Defendant is placed in the custody of:
(Name of person or organization) ______________________________
(Address) ______________________________________________
(City and State) _________________________________________
(Telephone No.) _________________________________________

who agrees (a) to supervise the Defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the Defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the Defendant violates any conditions of release or disappears.

Signed: __________________________________
(Custodian or Proxy)

(6) The Defendant shall:

( ) (a) Report to Pretrial Services as directed
( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
( ) (d) execute a bail bond with solvent sureties in the amount of $
( ) (e) maintain or actively seek employment
( ) (f) maintain or commence an educational program
( ) (g) surrender any passport to
( ) (h) obtain no new passport
( ) (i) abide by the following restrictions on his personal associations, place of abode, or travel:
( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to
( ) (k) undergo medical or psychiatric treatment and/or remain in an institution, as
( ) (l) return to custody each (week) day as of _______ o'clock after being released each (week) day as of ________ o'clock for employment, schooling, or the following limited purpose(s):
( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer
( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons
( ) (o) refrain from ( ) any ( ) excessive use of alcohol
( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner

( ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing

( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer

( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibit substance testing or electronic monitoring which is (are) required as a condition(s) of release

( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer

( ) (i) Curfew. You are restricted to your residence every day ( ) from ________ to __________, or ( ) as directed by the pretrial services office or supervising officer; or

( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer

( ) (u) Report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

**(X) (v) Defendant shall comply with all current conditions of supervised release, and be accepted, placed and comply with the in-patient program at R.S. Eden located at 1025 Portland Avenue in Minneapolis. Defendant shall begin the in-patient treatment program at R.S. Eden on Wednesday, August 24, 2005.**

## ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the Defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the Defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the Defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the Defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the Defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the Defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the Defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

**ACKNOWLEDGMENT OF DEFENDANT**

I acknowledge that I am the Defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Signature of Defendant

**DIRECTIONS TO UNITED STATES MARSHAL**

( ) The Defendant is **ORDERED** released after processing.

(X) The United States Marshal is **ORDERED** to keep the Defendant in custody until Monday, August 22, 2005, at which time defendant shall be released and defendant shall go to R.S. Eden to sign admission papers..

Date: 8/19/05

JANIE S. MAYERON
United States Magistrate Judge